**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-24166-BECERRA/TORRES

GREAT MIDWEST INSURANCE COMPANY,

      Plaintiff,

v.

LEGACY TOWER MWC LLC, *et al.*,

      Defendants.

_____/

### <u>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>

This cause comes before the Court on Plaintiff, Great Midwest Insurance Company's Motion for Preliminary Injunction [D.E. 11] against Defendants, Legacy Tower MWC LLC; Legacy Tower MWC Mezz, LLC; Legacy MWC Trustee, LLC; Participant Capital Growth Master Fund, LP; Participant RE Holdings Parent LLC; and Legacy Tower MWC Holdings, LLC (collectively, "Defendants" or "Indemnitors"). Defendants have filed a response to the Motion [D.E. 19], to which Plaintiff has replied. [D.E. 26]. The Motion, therefore, is ripe for disposition. After careful review of the briefing and relevant authorities, and for the reasons set forth below, we recommend that Plaintiff's Motion be **DENIED**.[1]

---

[1] On October 14, 2025, the Honorable Jacqueline Becerra referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 12].

1

## I.     BACKGROUND

This case arises out of an indemnity related to a construction project ("the Project") for Legacy at Miami WorldCenter ("the Property").

### A. *Construction Project and State Court Litigation*

In December of 2021, Legacy MWC Trustee, LLC, as well as a plethora of non-parties ("the Legacy Owners"), contracted with non-party Moss & Associates, LLC ("Moss") to pursue the Project. Moss alleged that it was not paid for its work on the Project, and recorded a lien for $4,381,773.66 against the Property. Subsequently, Plaintiff, pursuant to an indemnity agreement between Plaintiff and the Indemnitors, issued a lien transfer bond, which "transferr[ed] the Lien from the Property to the Bond." [D.E. 11 at 2]. The bond has a penal sum of $6,047,724.01.

Moss, in April of 2023, then filed a state-court lawsuit against the Indemnitors and Plaintiff under the bond, to compensate Moss for its allegedly-unpaid services. On May 12, 2025, Moss and the Legacy Owners entered into a settlement agreement for $3,243,683.09. The Legacy Owners then defaulted on the settlement agreement. Consequently, Moss now seeks a consent judgment in the state court litigation. If and after Moss procures that judgment, Plaintiff contends that Moss will "seek recovery against [Plaintiff] under the Bond," because Plaintiff acts as the surety. [*Id*. at 3].

### B. *Plaintiff's Collateral*

On April 30, 2025, realizing its risk of loss, Plaintiff demanded that the Indemnitors (pursuant to the indemnity agreement) provide as collateral security a letter of credit to cover Plaintiff's risk of loss (i.e., the amount that Plaintiff may be

indebted to Moss under the bond). The Indemnitors did not provide that letter of credit. Consequently, several months later, on September 12, 2025, Plaintiff filed this action against the Indemnitors for contractual indemnity, specific performance, and common law indemnity. In the pending Motion, Plaintiff seeks a preliminary injunction to compel the Indemnitors to provide collateral security in the amount to which Moss is entitled under the settlement agreement and its pending consent judgment ($3,243,683.09).

## II.    APPLICABLE LAW AND PRINCIPLES

To obtain a preliminary injunction, "the movant must establish: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002) (citing *Carillon Imp., Ltd. v. Frank Pesce Int'l Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (per curiam)).

Moreover, "[i]n this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion'" as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). Moreover, "where a mandatory injunction is sought [as Plaintiff seeks here], 'courts apply a heightened

standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.'" *Verizon Wireless Pers. Commc'ns LP v. City of Jacksonville, Fla.*, 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) (quoting *New York SMSA Ltd. Partnership v. Town of Clarkstown*, 99 F.Supp.2d 381, 389 (S.D.N.Y. 2000)).

### III.   ANALYSIS

Plaintiff argues that it satisfies each of the four requirements and thus it is entitled to a preliminary injunction for the payment of collateral. Defendants, meanwhile, argue that Plaintiff has an adequate remedy at law (money damages). Further, Defendants argue that even if the four requirements are met, there exist certain fact issues that defeat an injunction and/or at least require a hearing. The Court also has sua sponte raised the issue of whether Plaintiff's request for a preliminary injunction is timely [D.E. 20], which Plaintiff addressed in its reply. [D.E. 26].

We will first assess timeliness. The Eleventh Circuit has "recognized that 'a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm.'" *Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, Inc.*, No. 22-14257, 2023 WL 3704912, at *3 (11th Cir. May 30, 2023) (quoting *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016)). Indeed, "[d]elay, or too much of it, indicates that a suit or request for injunctive relief is more about gaining an advantage (either commercial or litigation advantage) than protecting a party from irreparable harm."

4

*Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-CV-20862, 2021 WL 3618227, at *9 (S.D. Fla. Aug. 16, 2021) (quoting *Badillo v. Playboy Entm't Grp.*, No. 8:04-cv-591-T-30TBM, 2004 WL 1013372, at *2 (M.D. Fla. Apr. 16, 2004)). Delays as little as four months have been deemed fatal to the irreparable harm requirement and thus, fatal to motions for preliminary injunctions. *See, e.g., Millenium Funding, Inc.*, 2021 WL 3618227, at *9 (denying motion for preliminary injunction where plaintiff became aware of its potential injury in October of 2020, but "delayed filing the instant action for over four more months," before later filing a motion for preliminary relief); *Wreal*, 840 F.3d at 1248 ("A delay in seeking a preliminary injunction of even only a few months — though not necessarily fatal — militates against a finding of irreparable harm.").

Here, Plaintiff was put on notice of Defendants' potential indebtedness to Moss in April of 2023. Yet, Plaintiff waited almost two years to demand its collateral (in April of 2025), and then another six months before seeking this preliminary injunction. All in all, then, Plaintiff did not seek this expedient, drastic relief until almost two-and-a-half years after it had notice of its risk of loss. Plainly, then, this falls within the wide gambit of cases in which preliminary-injunctive relief was denied on timeliness grounds.

Indeed, the Eleventh Circuit has warned sternly that preliminary relief is a drastic measure that must be urgently sought. *See, e.g., Bethune-Cookman, Univ., Inc.*, 2023 WL 3704912, at *4 (affirming the denial of a motion for preliminary

injunction because "[t]he district court reasonably concluded that the University's conduct did not reflect a sense of 'speed and urgency' consistent with its claim of irreparable harm"). And a variety of courts within this Circuit have consistently held that, for time spans similar to or less than in this case, undue delay between notice of harm and the filing of a motion for preliminary injunction is fatal. *See, e.g., Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-CIV, 2017 WL 4919222, at *4 (S.D. Fla. Oct. 31, 2017) ("After full consideration of the arguments presented, we agree with Defendants that Plaintiff waited far too long in filing its motion for preliminary injunction. In May 2016 (and perhaps earlier), Plaintiff became aware that Defendants were possibly infringing on its trademark. Yet, Plaintiff did not file its complaint until April 2017 and its motion for preliminary injunction followed in June 2017."); *TruBridge, Inc. v. Crook Cnty. Med. Servs. Dist. Found., Inc.*, No. CV 24-00190-KD-N, 2024 WL 3506711, at *4 (S.D. Ala. July 19, 2024) (denying motion for preliminary injunction because "the events upon which CCMSD bases its need for a temporary restraining order occurred in March 2024. CCMSD states that '[s]ince March 20, 2024, TruBridge suspended all services to CCMSD.' CCMSD waited until July 2024 to seek injunctive relief."); *Spire, Inc. v. Cellular S., Inc.*, No. CV 17-00266-KD-N, 2017 WL 3995759, at *21 (S.D. Ala. Sept. 11, 2017) ("In sum, Cellular South has provided insufficient explanation as to why it waited until August 14, 2017 to seek injunctive relief. Cellular South's delay—whether a few months or 18 months— militates against a finding of irreparable harm pending trial, and undercuts any sense of urgency."); *Tallahassee Bail Fund v. Marshall*, No. 4:22CV297-MW/MAF,

2022 WL 22804776, at *1 (N.D. Fla. Oct. 11, 2022) ("Plaintiff argues that it and its clients will face irreparable harm to their constitutional rights if this Court does not enjoin Defendant from enforcing section 903.286, Florida Statutes, as applied to Plaintiff. But rather than seeking immediate relief, Plaintiff bore its harm for over two years before suing. Given this unreasonable delay, Plaintiff's motion for a preliminary injunction is DENIED."); *Tiber Lab'ys, LLC v. Hawthorn Pharms., Inc.*, 527 F. Supp. 2d 1373, 1382 (N.D. Ga. 2007) ("In sum, the Court concludes that the 13–month and 17–month delay in bringing its two infringement actions combined with Tiber's apparent willingness to license the '689 patent preclude a finding of irreparable harm.").

Plaintiff seeks to excuse its delay. Specifically, Plaintiff argues that following the settlement agreement between Moss and the Legacy Owners (in April of 2025), Plaintiff began to "repeatedly [seek] information concerning the Legacy Owners' ability to comply with its terms." [D.E. 26 at 4]. Also at this time, Plaintiff continued to make collateral demands on Defendants, and considered Defendants' alternative collateral offer. But then, in October of 2025, Plaintiff decided the alternative collateral was insufficient and, hence, sought the pending injunctive relief.

But "an explanation, in and of itself, will not justify a significant delay; it must be a good explanation." *InVue Sec. Prods. Inc. v. Vanguard Prods. Grp., Inc.*, No. 8:18-CV-2548-T-33SPF, 2019 WL 4671143, at *6 (M.D. Fla. July 1, 2019), *report and recommendation adopted*, 2019 WL 4673755 (M.D. Fla. Aug. 15, 2019). And Plaintiff's explanation presents a quandary that militates against this drastic, preliminary

relief: Plaintiff waited until the Moss state-court case reached a settlement agreement before investigating its risk of loss or potential liability. Indeed, a reasonable person would assume that Plaintiff—upon Moss's filing of a lawsuit (to which Plaintiff is a defendant) that alleges a seven-figure default for which Plaintiff serves as a surety—would more urgently investigate its right to collateral at the inception (or at least, before the conclusion) of the case. Rather, Plaintiff waited almost two years, when the litigation basically reached its conclusion, to investigate its own liability and enforce its collateral clause. To be clear, we do not find here that Plaintiff is not entitled to collateral. Rather, in light of this delay, we find that Plaintiff should not be entitled to a preliminary injunction for that collateral.

We also note that Plaintiff requests not only a preliminary injunction, but a mandatory injunction. That is, Plaintiff does not request merely that the status quo be maintained, but that we require Defendants to affirmatively act. And "[a] mandatory injunction ... especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party." *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958); *see also Delivery.com Franchising, LLC v. Moore*, No. 20-20766-CIV, 2020 WL 3410347, at *9 (S.D. Fla. June 19, 2020), *report and recommendation adopted*, 2020 WL 4464674 (S.D. Fla. July 14, 2020) (finding that for "mandatory injunctions," the plaintiff's "burden is even higher than the burden of persuasion that a movant carries when moving for a non-mandatory preliminary injunction, which is already a drastic and extraordinary remedy in itself"). And in

8

light of that standard, "[m]andatory preliminary relief, which goes beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Oscar Ins. Co. of Fla. v. Blue Cross & Blue Shield of Fla., Inc.*, 360 F. Supp. 3d 1278, 1284 (M.D. Fla. 2019) (citing *Powers v. Sec'y, Fla. Dep't of Corrs.*, 691 F. App'x 581, 583 (11th Cir. 2017)).

Here, considering Plaintiff's delay in seeking an injunction, we cannot find that Plaintiff clearly satisfies the lofty standard to obtain a mandatory injunction. Particularly, Plaintiff has not proved that, despite being on notice of its potential liability in April of 2023, it now needs an urgent, expedient, preliminary, mandatory injunction in October of 2025. And because Plaintiff has not "clearly established" its "burden of persuasion," we recommend that Plaintiff's Motion be denied, and the Court decline to award this "extraordinary and drastic remedy." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)) ("In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion" as to each of the four prerequisites.'").

To be clear, nothing in this Report and Recommendation should dissuade Plaintiff from soon filing a motion for summary judgment if Plaintiff believes there exist no factual disputes as to Defendants' obligation to post collateral. But given a two-year delay between Plaintiff's notice of risk of loss and Plaintiff's demand for collateral, followed by another three months before the pending action was filed,

9

Plaintiff has not established that it acted with the requisite "speed and urgency." *Bethune-Cookman, Univ., Inc.*, 2023 WL 3704912, at *4 (affirming the denial of a motion for preliminary injunction because "[t]he district court reasonably concluded that the University's conduct did not reflect a sense of 'speed and urgency' consistent with its claim of irreparable harm").[2]

### IV.  CONCLUSION

For the reasons set forth above, we recommend that Plaintiff's Motion for Preliminary Injunction [D.E. 12] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

---

[2] Because Plaintiff has not demonstrated irreparable harm, we need not reach the parties' other arguments or the remaining preliminary-injunction prongs. *See United States v. Lambert*, 695 F.2d 536, 540 (11th Cir. 1983) ("Success in establishing a likelihood [plaintiff] will prevail on the merits does not obviate the necessity to show irreparable harm."); *Ne. Fla. Chapter of Ass'n of Gen. Contracts v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (reversing injunctive relief based solely on movant's failure to show irreparable harm).

**DONE and SUBMITTED** in Chambers at Miami, Florida this 20th day of November, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge